Slip Op. 10-80

## UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| FORD MOTOR COMPANY, |
| Plaintiff, |
| v. |
| UNITED STATES, U. S. DEPARTMENT OF HOMELAND SECURITY, and U. S. CUSTOMS AND BORDER PROTECTION |
| Defendants. |

**Before: Gregory W. Carman, Judge**

Court No. 09 00151

[*Defendants' motion to dismiss is granted in part and denied in part; Plaintiff's motion for partial summary judgment is denied.  The Court finds it has jurisdiction over some of Plaintiff's claims, but declines to issue a declaratory judgment on the basis of those claims.*]

Ford Motor Company, Office of General Counsel (Paulsen K. Vandevert); Baker & Hostetler LLP (Matthew W. Caligur), of counsel, for Plaintiff.

Tony West, Assistant Attorney General, Barbara S. Williams, Attorney in Charge, Commercial Litigation Branch, Civil Division, United States Department of Justice (David S. Silverbrand, Justin R. Miller); and Yelena Slepak, of counsel, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, Department of Homeland Security, for Defendants.

July 22, 2010

## OPINION

**CARMAN, JUDGE:** Plaintiff Ford Motor Company ("Ford" or "Plaintiff") brought this

action asking the Court to declare that ten entries ("Entries" or "Subject Entries") of

Jaguar brand vehicles imported from the United Kingdom are deemed liquidated by

operation of law, and that Ford is entitled to duty refunds on these entries from U.S.

Customs and Border Protection ("CBP").  (Second Amended Compl. for Declaratory

And Injunctive Relief ("2d Am. Compl.") 1 2.)  Defendants (collectively, the "United

States") moved to dismiss this case, asserting that for certain entries the statute of

limitations had run, that there was no case or controversy, or that the dispute was not

ripe for judicial review, and that in any event, the Court lacks jurisdiction to decide the

case.  (Defs.' Mot. to Dismiss ("Mot. to Dismiss") 6 15.)  Plaintiff responded to

Defendants' motion to dismiss and cross moved for partial summary judgment.  For the

reasons set forth below, Defendants' Motion to Dismiss is granted in part and denied in

part, and Plaintiff's Motion for partial summary judgment is denied.  While the Court

finds it has jurisdiction over some of Plaintiff's claims, it declines to issue a declaratory

judgment on the basis of those claims, dismisses the remainder of Plaintiff's case, and

denies all other outstanding motions.

## BACKGROUND

The Subject Entries are known as "reconciliation entries."  Reconciliation is "an

electronic process, initiated at the request of an importer, under which the elements of

an entry (other than those elements related to the admissibility of the merchandise) that

are undetermined at the time the importer files [the entry], are provided to [CBP] at a

later time." 19 U.S.C. § 1401(s).[1]  When filed by an importer, a reconciliation "is treated

as an entry for purposes of liquidation, reliquidation, recordkeeping, and protest." <u>Id.</u>

This case involves 10 reconciliation entries.  For ease of reference, the Court has labeled

them A through J:

| Label | Reconciliation Entry Number | Reconciliation File Date | Liquidation Date | Reliquidation Date |
|-------|------------------------------|--------------------------|------------------|---------------------|
| A | 300 4830272 0 | 7/20/2006 | 7/11/2008 | |
| B | 300 9945919 7 | 6/29/2005 | 6/19/2009 | 8/7/2009 |
| C | 300 9945928 8 | 7/28/2005 | 7/17/2009 | 7/31/2009 |
| D | 300 9945935 3 | 8/26/2005 | 8/14/2009 | 9/18/2009 |
| E | 300 4830222 5 | 5/15/2006 | 5/7/2010 | |
| F | 300 4830252 2 | 6/15/2006 | 6/4/2010 | 7/23/2010 (scheduled) |
| G | 300 4830281 1 | 8/14/2006 | | |
| H | 300 4830280 3 | 8/14/2006 | | |
| I | 300 4830290 2 | 9/21/2006 | | |
| J | 300 4830301 7 | 10/4/2006 | | |

(<u>See</u> 2d Am. Compl., Ex. A; Defs.' Mot. to Dismiss, Ex. B; Pl.'s Expedited App./Mot. for

TRO and Prelim. Inj. and Brief in Support ("Pl.'s TRO/PI Mot.") 2.); Defs.' Opp. to Pl.'s

App. for a TRO and Prelim. Inj. ("Defs.' TRO/PI Opp.") 5.)

    According to 19 U.S.C. § 1504, unless extended or suspended, a reconciliation

---

[1]All citations to the United States Code refer to the 2006 edition.

entry that has not been liquidated within one year from the date of filing "shall be

deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted by

the importer of record."  19 U.S.C. § 1504(a).  CBP is authorized to "extend the period in

which to liquidate an entry if     (1) the information needed for the proper appraisement

or classification of the imported or withdrawn merchandise, . . . or for insuring

compliance with applicable law, is not available to the Customs Service," and is

required to provide notice to the importer that it is doing so.  19 U.S.C. § 1504(b).

Entries may not be extended indefinitely.  If reconciliation entries are extended, they

"shall be treated as having been liquidated at the rate of duty, value, quantity, and

amount of duty asserted by the importer of record . . . at the expiration of 4 years" from

the date the reconciliation was filed.  Id.

     Plaintiff asserts that all ten Subject Entries should have been deemed liquidated

one year from the date of filing the reconciliation.  (2d Am. Compl. ¶¶ 69, 74, 79, 86.)   In

its first claim,[2] Plaintiff asserts that none of its Entries were extended or suspended.  (Id.

¶ 68.)  In its second claim, Ford asserts that CBP did not issue notice of any extensions

or suspensions that may have been made.  (Id. ¶ 72.)  In its third claim, Ford asserts that

even if CBP issued notices of extension or suspension, it did not provide Ford with any

reasons for extending or suspending the Entries, thereby voiding any purported

---

[2]Plaintiff refers to each claim as a "cause of action."

extensions or suspensions.  (Id. ¶¶ 77 78.)  In its fourth claim, Ford asserts that CBP had

no statutorily valid reason for extending or suspending the Entries, in any case.  (Id. ¶¶

82 85).

In its fifth and sixth claims, Plaintiff specifically asserts that CBP's treatment of

Entries B, C, and D was unlawful.  (Id. ¶¶ 88 94 (objecting to the reliquidation of Entries

B and C after these Entries were allegedly deemed liquidated), ¶¶ 95 103 (asserting that

liquidation of Entry D was unlawful because CBP failed to fix the final appraisement

and final amount of duty to be paid, in violation of 19 U.S.C. § 1500(a) and (c)).)  CBP

actively liquidated these three Entries prior to the 4 year anniversary of the filing of the

reconciliation and subsequently reliquidated each of these three Entries.  (Id., Ex. A,

Mot. to Dismiss, Ex. B.)

In its seventh and final claim, Plaintiff asserts that CBP continues to request

additional information from Ford relating to the remaining Subject Entries, which Ford

claims is "imposing an unreasonable and costly burden."  (2d Am. Compl. ¶¶ 105 106.)

Plaintiff asks the Court to "issue an order enjoining Customs from taking any further

action on any of the Subject Entries" until the Court provides Plaintiff with the

declaratory relief sought in the balance of the complaint.  (Id. at ¶ 109.)

**JURISDICTION**

## I.    <u>Parties' Contentions</u>

Plaintiff asserts that

[t]his Court has jurisdiction over this matter pursuant to 28 U.S.C. 1581(i), because, as of the time this action was commenced, Customs had not liquidated any of the Subject Entries.   Therefore, Plaintiff has no administrative action to take or remedy to exhaust.  There is no other part of section of [sic] 28 U.S.C. § 1581 that applies.

(Id. at ¶ 6.)  Plaintiff cites Fujitsu Gen. Am., Inc. v. United States, 24 C.I.T. 733, 110 F. Supp. 2d 1061 (2000), for the proposition that when CBP has not actively liquidated an importer's entries, the importer may bring a claim under 28 U.S.C. § 1581(i) seeking a declaratory judgment that its entries have deemed liquidated.  (Pl.'s Mot. for Partial Summ. J. and App. for Writ of Mandamus ("Pl.'s Mot. for Partial Summ. J.") 5 6.) Plaintiff also asserts that the Court has the authority to issue a declaratory judgment pursuant to 28 U.S.C. § 1585, and the Declaratory Judgment Act, 28 U.S.C. § 2201.  (2d Am. Compl. ¶ 8.)

Defendants assert that Entry A liquidated "no change," that a refund was appropriately issued to Ford, and that because there is no longer a case or controversy for the Court to decide in regards to this Entry, all claims relating to Entry A should be dismissed for lack of subject matter jurisdiction.  (Defendants.' Mot. to Dismiss at 7 8; Defendants.' Mot. to Strike and Mot to Stay ("Defendants.' Mot. to Strike") 9.)

Defendants attack jurisdiction for claims relating to Entries B, C, and D on two grounds.  First, Defendants assert that Ford's claims with respect to these three Entries

are barred by the 2 year statute of limitations found in 28 U.S.C. § 2636(i).  (Mot. to

Dismiss at 6 7 (quoting <u>SKF USA, Inc. v. U.S. Customs and Border Protection</u>, 556 F.3d

1337, 1348 (Fed. Cir. 2009) ("We assume, but do not decide, that the statute of

limitations in § 2636(i) is jurisdictional under <u>John R. Sand & Gravel Co.[v. United</u>

<u>States</u>, 552 U.S. 130 (2008).]))).)  Alternatively, Defendants point out that Ford has filed a

protest challenging CBP's liquidation and reliquidation of Entries B, C & D, and that

"[i]f Customs denies the protest, Ford has a right to challenge the denial of that protest

by commencing a judicial action pursuant to 28 U.S.C. § 1581(a)."  (<u>Id.</u> at 11.)

Defendants claim that this Court may not take jurisdiction pursuant to § 1581(i)

"without a showing that subsection 1581(a) was manifestly inadequate."  (<u>Id.</u> (quoting

<u>Hartford Fire Ins. Co., v. United States</u>, 544 F.3d 1289, 1292 (Fed. Cir. 2008)).)

Defendants argue that any claims with respect to Entries E J "are subject to

dismissal under the doctrine of ripeness.  (<u>Id.</u> at 8.)  Citing sworn declarations from CBP

officials and other documents attached to its motion to dismiss, Defendants claim that

Entries E J were properly extended, and therefore have not deemed liquidated.  (<u>Id.</u> at

9.)  Defendants assert that "Ford's claims with respect to these Entries are purely

speculative," and therefore not ripe for judicial determination.  (<u>Id.</u> at 9.)  Additionally,

citing <u>Koyo Corp. of U.S.A. v. United States</u>, 497 F.3d 1231, 1241 (Fed. Cir. 2007),

Defendants claim that if Ford believes Entries E J liquidated as a matter of law, "it

should have protested the deemed liquidation of those Entries and commenced an

action pursuant to 28 U.S.C. § 1581(a)."  (Id. at 12 13.)  Because Defendants believe

jurisdiction over Entries E J is only appropriate via § 1581(a), they argue the Court

cannot take jurisdiction over claims relating to these Entries via § 1581(i).  (Id. at 15.)

## II.   Analysis

The Declaratory Judgment Act, 28 U.S.C. § 2201, states that "[i]n a case of actual

controversy within its jurisdiction . . . any court of the United States, upon the filing of

an appropriate pleading, may declare the rights and other legal relations of any

interested party seeking such declaration, whether or not further relief is or could be

sought."[3]   In order to issue a declaratory judgment, then, there must exist an actual

controversy arising within this Court's limited jurisdiction.  The term "actual

controversy," as it is used in the Declaratory Judgment Act "is the same as an Article III

case or controversy."  Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals

Corp., 482 F.3d 1330, 1338 (Fed. Cir. 2007) (citing Aetna Life Ins. of Hartford, Conn. v.

Haworth, 300 U.S. 227 (1937).)  The jurisdictional provision invoked by Plaintiff gives

the Court of International Trade

> exclusive jurisdiction of any civil action commenced against the United
> States, its agencies, or its officers, that arises out of any law of the United
> States providing for

---

[3]The recent amendment of 28 U.S.C. § 2201(b) by the Patient Protection and
Affordable Care Act, Pub. L. No. 111 148, 124 Stat. 1195 (2010) has no effect on this case.

(1) revenue from imports or tonnage;
(2) tariffs, duties, fees, or other taxes on the importation of
merchandise for reasons other than the raising of revenue;
(3) embargoes or other quantitative restrictions on the importation
of merchandise for reasons other than the protection of the public
health or safety; or
(4) administration and enforcement with respect to the matters
referred to in paragraphs (1) (3) of this subsection and subsections
(a) (h) of this section.

28 U.S.C. § 1581(i).

In its Second Amended Complaint, Plaintiff brought seven claims pertaining to

ten Subject Entries.  Certain claims apply to one or two specific Entries, while others

address all ten Entries.[4]  Since Plaintiff brought this suit, CBP has liquidated a number

of the Subject Entries, and Ford's understanding of the facts has also changed.  The

effect of these changes is that, as to all of the Entries underlying claims one, five, and six,

the Court either lacks subject matter jurisdiction or confronts no case or controversy

between the parties.  Claims one, five, and six, are consequently dismissed in their

entirety.[5]  Claims two, three and four are also dismissed for lack of subject matter

jurisdiction insofar as they apply to those Entries that have been liquidated, but the

Court finds that it has subject matter jurisdiction over claims two, three, and four

---

[4]Attached to this opinion as Appendix A is a chart indicating the fate of each of
Plaintiff's claims, as they relate to each of the Subject Entries.

[5]Claim seven, seeking an injunction, rather than declaratory relief, is dismissed
on mootness grounds below.

insofar as they apply to the Entries not yet liquidated (G, H, I, and J), and that these

claims assert an actual controversy with respect to these unliquidated Entries.

However, for the reasons set forth in the Discussion, below, the Court exercises its

discretion not to issue a declaratory judgment on the basis of claims two, three, and

four, and therefore dismisses them as well.

> **A.     All Claims Relating To Entry A are Dismissed For Lack of Case or Controversy**

The parties appear to be in agreement that there is no controversy as to Entry A.

Defendants assert that the Entry liquidated as entered, and that CBP refunded the

duties to Ford.  While Ford was apparently not initially aware that it had received this

refund, in a more recent filing, it acknowledged that "it has received the duty refund

sought" with respect to Entry A.[6]  Finding no case or controversy with respect to Entry

A, claims one through four are dismissed, insofar as they relate to Entry A, for lack of

---

[6]Along with its motion for partial summary judgment, Plaintiff sought a writ of mandamus requiring CBP to refund the duties owed to Ford, that it did not believe it had yet received following the liquidation of Entry A.  (Pl.'s Mot. for Partial Summ. J. at 14 16.)  Defendants subsequently moved to strike Plaintiff's Motion for Partial Summary Judgment on other grounds, and to strike the application for writ of mandamus on the grounds that the refund had, in fact, been made to Ford.  (Def.'s Mot. to Strike 9.)  Upon further investigation, Plaintiff confirmed that it had received the refund and voluntarily withdrew its application for writ of mandamus.  (Pl.'s Opp. to Defendants.' Mot. to Strike and for Stay 10.)  While Ford did not voluntarily withdraw all claims relating to Entry A from its Second Amended Complaint, the Court finds for the reasons explained above that the effect of CBP issuing the refund on this Entry in the amount sought by Ford is to dissipate of any case or controversy that may have previously existed with respect to Entry A.

case or controversy.

**B.      All Claims Relating to Entries B, C, and D are Dismissed for Lack of Subject Matter Jurisdiction**

As Defendants correctly point out, the reliquidation of Entries B, C, and D has

been administratively protested by Ford.  The Court notes that this protest has now

been denied, and is the subject of a separate lawsuit filed in the Court of International

Trade pursuant to 28 U.S.C. § 1581(a), <u>Ford Motor Company v. United States</u>, Court No.

10 00138.  The Court of Appeals for the Federal Circuit ("CAFC") has repeatedly held

that "jurisdiction under subsection 1581(i) may not be invoked if jurisdiction under

another subsection of section 1581 is or could have been available, unless the other

subsection is shown to be manifestly inadequate."  <u>Hartford Fire</u>, 544 F.3d at 1292

(<u>citing</u> <u>Int'l Custom Prods. v. United States</u>, 467 F.3d 1324, 1327 (Fed. Cir. 2006)), <u>see</u> <u>also</u>

<u>Am. Air Parcel Forwarding Co. v. United States</u>, 718 F.2d 1546, 1549 (Fed. Cir. 1983) (a

party "cannot circumvent the prerequisites of 1581(a) by invoking jurisdiction under

1581(i).") (quoting and adopting <u>Am. Air Parcel Forwarding co. v. United States</u>, 5 CIT

8, 10, 557 F. Supp. 605, 607 (1983).).  It is clear that the appropriate mechanism for

evaluating CBP's treatment of Entries B, C, and D is Ford's § 1581(a) case.  In that case,

the court will be able to evaluate all of Plaintiff's claims regarding Entries B, C, and D

through the preferred jurisdictional vehicle established by Congress.  Accordingly,

Plaintiff's fifth and sixth claims, which pertain exclusively to Entries B, C, and D are

dismissed pursuant to USCIT R. 12(b)(1) for lack of subject matter jurisdiction.  Also,

Plaintiff's first four claims are also dismissed insofar as they relate to Entries B, C, and D

for lack of subject matter jurisdiction.  Because the Court has determined that it lacks

jurisdiction over any claims relating to Entries B, C, and D, Plaintiff's Motion for Partial

Summary Judgment, which addresses itself exclusively to these Subject Entries, is

denied.  Additionally, because Plaintiff's motion for partial summary judgment is

denied, Defendants' motion to strike and to stay is moot, and is denied accordingly.

### C.    The Remainder of Claim 1 Is Dismissed For Lack Of A Case Or Controversy

In its most recent filing in this case, Plaintiff has abandoned the remainder of the

first claim of its Second Amended Complaint which asserts that CBP "did not extend

the liquidation of any of the Subject Entries."  (2d Am. Compl. ¶ 68.)  Defendants have

maintained since their initial filing in this case that all the Subject Entries were validly

extended.  (Mot. to Dismiss, Ex. A.)   In Plaintiff's Motion for a Temporary Restraining

Order and Preliminary Injunction, Ford acknowledged that Entries E through J have all

been extended.  (Pl.'s TRO/PI Mot. at 2, Ex. 1.)  Accordingly, the Court finds no dispute

between the parties, and therefore dismisses the remainder of claim one for lack of a

case or controversy.

### D.     Claims 2-4 Are Dismissed Insofar as They Relate to Entries E and F for Lack of Subject Matter Jurisdiction

According to the parties, Entry E was liquidated by CBP on May 7, 2010, and is not scheduled to be reliquidated.  (Pl.'s TRO/PI Mot. 2; Defs.' TRO/PI Opp. 5.)  Entry F was liquidated by CBP on June 4, 2010, and is scheduled to be reliquidated on July 23, 2010.  (Defs.' TRO/PI Opp. 4 5.)  Once an entry has been liquidated in a manner disputed by the importer, the importer's only remedy is to protest the liquidation, pay the duties owed pursuant to 28 U.S.C. § 2637, and to challenge the denial of the protest in a § 1581(a) case.  Fujitsu Gen. Am., Inc. v. United States, 283 F.3d 1364, 1374 (Fed. Cir. 2002) ("[S]ection 1581(i) jurisdiction may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate.") (citations and quotations omitted).  As with Entries B, C, and D, the only way for Plaintiff to obtain judicial review of any allegations of improper treatment of Entries E and F is by bringing a case under § 1581(a).  Therefore, claims two, three, and four, insofar as they relate to Entries E and F, are dismissed for lack of subject matter jurisdiction.[7]

### E.     The Court Has Jurisdiction Over Claims 2, 3, and 4, Insofar as Those Claims Relate to Entries G, H, I and J

This Court has jurisdiction under 28 U.S.C. § 1581(i) to hear Plaintiff's claims two,

---

[7]The ongoing liquidation and reliquidation of the Subject Entries is also the basis for Plaintiff's TRO/PI Motion, which is discussed below.

three, and four, and to issue declaratory relief with respect to Entries G, H, I, and J.

While there is no longer a controversy as to whether or not Entries G J were extended,

Plaintiff continues to maintain in claims two, three, and four that these extensions were

somehow faulty.  That controversy falls within the Court's jurisdiction because this case

is a civil action that has been commenced against the United States, arising out of laws

of the United States providing for the administration of tariffs, namely, 19 U.S.C.

§§ 1500, 1504.  All of the requisite components to exercise jurisdiction and render a

declaratory judgment are therefore in place.

Defendants have offered the Court no persuasive argument as to why the Court

should not take jurisdiction over Entries G J pursuant to 28 U.S.C. § 1581(i).  First, the

Court does not recognize a ripeness issue with respect to these Entries, as Defendants

maintain.  Plaintiff has only asked the Court to declare that these Entries deemed

liquidated one year from the date the reconciliation Entries were filed because CBP's

purported extensions of these Entries were somehow improper (because CBP failed to

provide notice, provided faulty notice, or extended the Entries without good reason).

(2d Am. Compl. ¶¶ 74, 79, 86, Prayer for Relief A.)  If, as Defendants assert, there was

nothing improper about the extension of liquidation of Entries G J, Plaintiff's claims are

not unripe, but rather are defeated on the merits.

Additionally, the Court is not persuaded by Defendants' argument that the only

jurisdictional mechanism through which Plaintiff may obtain relief with respect to

Entries G J is 28 U.S.C. § 1581(a)    at least not while these entries remain unliquidated.

This is because Plaintiff does not <u>dispute</u> the deemed liquidation, but rather asks the

Court to declare that the faults it identified rendered the extensions void, and that

deemed liquidation <u>actually occurred</u>.  <u>Koyo</u>, cited by Defendants, does not contradict

this view.  In <u>Koyo</u>, an importer obtained an advantageous result in an administrative

review, but lost that benefit when CBP failed to liquidate its entries in accordance with

the liquidation instructions issued as a consequence of that review, and the entries

deemed liquidated at the higher antidumping duty rate, as entered, instead.  <u>Koyo</u>, 497

F.3d at 1237.  The CAFC held that the deemed liquidations in that case were protestable

under 19 U.S.C. § 1514, and could be challenged by bringing a case under § 1581(a).

<u>Koyo</u> does not suggest that an importer in Ford's position, which does not challenge but

rather wants judicial <u>confirmation</u> of its rights in this regard, is required to file a protest

with Customs and sue under § 1581(a), rather than seeking a declaratory judgment

under § 1581(i).

    Moreover, as Plaintiff points out, this court has previously suggested that a party

in Ford's position    believing that its entries deemed liquidated, but unable to confirm

this fact with CBP    could bring a lawsuit under § 1581(i) seeking a declaratory

judgment to that effect.  <u>See</u> <u>Fujitsu</u>, 24 C.I.T. at 739 ("where an importer believes its

entries were deemed liquidated under § 1504(d), and Customs has not actively

liquidated the entries anew, the importer's only remedy, at that point, is to seek a

declaratory judgment from the CIT confirming that there was a deemed liquidation

under 28 U.S.C. § 1581(i).")  For the foregoing reasons, then, the Court has jurisdiction

to hear Plaintiff's claims pertaining to Entries G J pursuant to 28 U.S.C. § 1581(i).

DISCUSSION

**I.**     **Plaintiff's TRO/PI Application**

The Court will not prohibit CBP's liquidation of the Subject Entries during the

pendency of this action.  In its motion for a temporary restraining order and

preliminary injunction, Plaintiff urges the court to prohibit CBP from liquidating or

reliquidating the Subject Entries because they are the subject of this case.  According to

the parties, Entry F is scheduled to be reliquidated on July 23, 2010, and Entries G J are

scheduled to be liquidated at some point in the next couple of months.  (Pl.'s TRO/PI

Mot. 2; Defs.' TRO/PI Opp. 3 6.)  Even a cursory analysis of the four factors the Court is

required to consider in determining whether to grant injunctive relief reveals its

impropriety.

First, Plaintiff has not established that it faces any threat of irreparable harm as a

result of CBP's liquidation of its Entries.  In contrast to <u>Washington Int'l. Ins. Co., v.</u>

<u>United States</u>, 25 CIT 207, 138 F. Supp. 2d 1314 (2001), the primary case cited by Plaintiff

in support of this requested relief, CBP's liquidation of Ford's Subject Entries will

neither defeat the Court's jurisdiction nor deprive Ford of the opportunity of

meaningful judicial review.  In Washington Int'l, the court found that once an importer

had properly protested and paid the duties owing on certain entries, and commenced a

suit in this court under § 1581(a), Customs did not have the authority to reliquidate the

Subject Entries, divesting the court of jurisdiction, and requiring the importer to re

protest, re pay the duties owed and re file a lawsuit under § 1581(a).  Washington Int'l,

138 F. Supp. 2d at 1323 27.  In this case, CBP's liquidation of Ford's Entries does not

divest the Court of jurisdiction, but rather ensures that the court's consideration of

CBP's treatment of the subject Entries will take place through § 1581(a), rather than §

1581(i).

      The remaining three factors also weigh against granting Plaintiff's requested

injunctive relief.  As explained in the Discussion below, Plaintiff has not demonstrated a

strong likelihood of success on the merits.  The public interest will be better served by

not disturbing CBP's fulfillment of its mandate.  Last, the balance of hardship weighs in

favor of CBP.  In the Court's view, the burden on Plaintiff of completing the

administrative protest process to obtain judicial review under § 1581(a) is less than the

burden that would be imposed on CBP if it were prohibited from fulfilling its mandate

and liquidating Ford's Entries.  For the foregoing reasons, then, Plaintiff's Motion for a

Temporary Restraining Order and Preliminary Injunction is hereby denied.

## II.    <u>Plaintiff's Surviving Claims</u>

The Declaratory Judgment Act permits, but does not require, this Court to issue a

declaratory judgment in a case of actual controversy within this Court's jurisdiction.  28

U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . any court of the

United States . . . <u>may declare</u> the rights and other legal relations of any interested party

seeking such declaration") (emphasis added).  The CAFC has explained, "unlike

non declaratory judgment actions, even if there is an actual controversy, the district

court is not required to exercise jurisdiction to address the merits of the action, as it

retains discretion under the Act to decline declaratory judgment jurisdiction." <u>Teva</u>,

482 F.3d at 1338 n.3 (<u>citing</u> <u>Pub. Serv. Comm'n. of Utah v. Wycoff Co.</u>, 344 U.S. 237

(1952) and <u>Spectronics Corp. v. H.B. Fuller Co.</u>, 940 F.2d 631 (Fed. Cir. 1991).  This

discretion is "unique and substantial," but "there must be well founded reasons for

declining to entertain a declaratory judgment action."  <u>Electronics for Imaging, Inc. v.</u>

<u>Coyle</u>, 394 F.3d 1341, 1345 (Fed. Cir. 2005) (citations and quotations omitted).  In light of

Ford's recent acknowledgment that its Subject Entries were, in fact, extended, its

remaining claims form a weak basis for granting declaratory relief that Entries G J

deemed liquidated one year after the reconciliation was filed.  For this reason, and

because Ford will not be deprived of the opportunity for meaningful judicial review of

CBP's treatment of the Subject Entries, the Court declines to entertain the remainder of

Plaintiff's declaratory judgment action.

Plaintiff's second, third, and fourth claims have all been considerably

undermined during the course of this litigation.  For instance, any harm suffered by

Plaintiff in allegedly not receiving notices of extension would appear mitigated by

Plaintiff's present acknowledgment that its Entries were extended.  Additionally,

Defendants included with their motion to dismiss sworn declarations from CBP officials

and computer records indicating that notice of extensions for the Subject Entries were

mailed to Ford.  (Mot. to Dismiss, Ex. A.)  Plaintiff's third claim, that any notices of

extension "did not give any reasons for the purported extension," is undercut by Ford's

insistence that it never received, and therefore has never seen, such notices of extension.

(2d Am. Compl. ¶ 77; <u>see also</u> ¶ 23 ("Customs never issued a notice to Ford JC that the

liquidation of any of the Subject Entries had been extended.").)  Plaintiff's fourth claim,

that CBP has no valid reason for extending the liquidation, is again undercut by its

other arguments    in this case, claim seven.  By statute, CBP is authorized to extend the

liquidation of an entry if "the information needed for the proper appraisement . . . or for

ensuring compliance with applicable law, is not available to [CBP.]"  19 U.S.C.

§ 1504(b)(1).  In claim seven, Ford all but admits that CBP is making "requests and

demands" for information needed for the proper appraisement of the Subject Entries.

(See 2d Am. Compl. ¶ 105 08.)  Moreover, even if Ford managed to establish that CBP's

extensions of the Subject Entries were illegal in the manner alleged in claims two, three,

or four, it does not follow that such extensions would necessarily be void, and that

Plaintiff's Entries consequently deemed liquidated one year from the dates the

reconciliations were filed.  Even if CBP did not have the right to extend Plaintiff's

Entries (as Ford maintains), it clearly did not lack the power to do so (as Ford now

acknowledges).

Further supporting the Court's decision not to take jurisdiction and issue a

declaratory judgment on Plaintiff's behalf is that once Entries G, H, I, and J are

liquidated, Plaintiff will be able to obtain meaningful judicial review over all legitimate

legal claims pertaining to these Entries.  While Ford may not pursue relief through 28

U.S.C. § 1581(a) until the Entries have been liquidated, and all procedural prerequisites

have been followed, once these Entries liquidate, that relief will be available to Ford.

USCIT R. 41(b)(5) specifies that "[u]nless the court in its order for dismissal otherwise

specifies, . . . any dismissal not provided for in this rule, operates as an adjudication on

the merits."  In order to ensure that the Court's exercise of its discretion not to issue

declaratory relief does not prohibit Ford from bringing a potentially meritorious claim

in a subsequent § 1581(a) case, the Court will specify in its order of dismissal, below,

that this dismissal is not an adjudication on the merits.  By preserving the possibility for

judicial review of Plaintiff's claims, the Court is ensuring that its decision not to issue

declaratory relief is sound.

Finally, the Court turns to Plaintiff's seventh claim.  In this claim, Plaintiff asks

the court to enjoin CBP from making "requests and demands" on Plaintiff pertaining to

the Subject Entries "until a final decision has been made and entered as judgment with

respect to Plaintiff's requests for Declaratory Judgment.  (2d Am. Compl. ¶ 109.)

Because the Court has now dismissed the first six claims of Plaintiff's Second Amended

Complaint for lack of case or controversy, lack of subject matter jurisdiction, or in the

exercise of the Court's discretion not to issue declaratory relief, Plaintiff's seventh claim

will be dismissed as moot.

## CONCLUSION

For the foregoing reasons, and pursuant to USCIT Rules 12, 41, and 58, the Court

will separately issue a Final Order dismissing this case.


                                          ___/s/ Gregory W. Carman_____
                                          Gregory W. Carman, Judge

Dated:        July 22, 2010
              New York, NY

APPENDIX A

|  | Entry A | Entry B | Entry C | Entry D | Entry E | Entry F | Entry G | Entry H | Entry I | Entry J |
|---|---|---|---|---|---|---|---|---|---|---|
| Claim 1: CBP failed to extend or suspend liquidation of the Subject Entries | *Entry A was liquidated and duties were refunded to Plaintiff. Claims 1 4 are **dismissed for lack of case or controversy** insofar as they apply to Entry A.* | *These entries have been liquidated, protested and duty paid and are the subject of a § 1581(a) case. Claims 1 4 are **dismissed for lack of subject matter jurisdiction** ("SMJ"), insofar as they apply to Entries B D.* | | | *Plaintiff now acknowledges that entries E J were extended. Claim 1 is **dismissed for lack of case or controversy**, insofar as it applies to Entries E J.* | | | | | |
| Claim 2: CBP did not issue notices of extension or suspension | | | | | *Entries E and F have now been liquidated. Claims 2 4 are **dismissed for lack of SMJ**, insofar as they apply to Entries E and F.* | | Claims 2-4 **do raise** a case or controversy with respect to Entries G-J, and the Court **has jurisdiction** to hear them. For the reasons set forth in the opinion, the Court exercises its discretion **not to grant** a declaratory judgment relating to these entries on the basis of these claims. Claims 2-4 are dismissed, insofar as they apply to entries G-J, but this dismissal shall not operate as an adjudication on the merits. | | | |
| Claim 3: CBP did not provide the reasons for extension or suspension on any notices that were issued | | | | | | | | | | |
| Claim 4: CBP had no statutorily valid reason for extending or suspending the Subject Entries | | | | | | | | | | |
| Claim 5: Entries B & C should have deemed liquidated on the 4th anniversary of the entry date for each, and CBP's purported reliquidation after this anniversary was unlawful | | *Entries B & C are now the subject of a § 1581(a) case. Claim 5 is **dismissed for lack of SMJ.*** | | | | | | | | |
| Claim 6: Entry D was liquidated unlawfully because CBP failed to fix the final appraisement and failed to fix the final amount of duty to be paid, in violation of 19 U.S.C. § 1500(a) and (c). | | | | *Entry D is now the subject of a § 1581(a) case. Claim 6 is **dismissed for lack of SMJ.*** | | | | | | |
| Claim 7: CBP should be enjoined from requesting additional information from Ford until a decision is rendered on the request for declaratory judgment in claims 1-6. | *With the remainder of Plaintiff's case dismissed for lack of case or controversy or lack of SMJ, or dismissed by the Court in the exercise of its discretion, Claim 7 is **dismissed as moot**.* | | | | | | | | | |

## UNITED STATES COURT OF INTERNATIONAL TRADE

| |
|---|
| FORD MOTOR COMPANY, <br><br>           Plaintiff, <br><br>     v. <br><br> UNITED STATES, U. S. DEPARTMENT OF HOMELAND SECURITY, and U. S. CUSTOMS AND BORDER PROTECTION <br><br>         Defendants. |

**Before: Gregory W. Carman, Judge**

Court No. 09 00151

### FINAL ORDER

Upon due consideration of all the filings of the parties in this case, and pursuant to USCIT Rules 12, 41, and 58, it is hereby

**ORDERED** that Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART in accordance with the reasons set out in the Court's Opinion, and it is further

**ORDERED** that Plaintiff's first, fifth, and sixth claims are dismissed for lack of case or controversy, and for lack of subject matter jurisdiction as set out in the Court's Opinion, and it is further

**ORDERED** that Plaintiff's second, third, and fourth claims are dismissed for lack of case or controversy, and for lack of subject matter jurisdiction, and in the exercise of the Court's discretion not to issue a declaratory judgment as set out in the Court's

*Court No. 09-00151*                                                      **Page 2**

Opinion, and it is further

     **ORDERED** that the dismissal of Plaintiff's second, third, and fourth claims

insofar as these claims relate to Entries G, H, I, and J shall not operate as an adjudication

on the merits for the purposes of reasserting such claims in a subsequent case brought

pursuant to 28 U.S.C. § 1581(a), and it is further

     **ORDERED** that Plaintiff's seventh claim is dismissed as moot, and it is further

     **ORDERED** that Plaintiff's Motions for Partial Summary Judgment and for a

Temporary Restraining Order and Preliminary Injunction are denied, and it is further

     **ORDERED** that Defendants' Motion to Strike and to Stay is denied as moot, and

it is further

     **ORDERED** that for the reasons set out in the Court's Opinion, this case is

dismissed.


                                    ___/s/ Gregory W. Carman_____

                                    Gregory W. Carman, Judge

Dated: July 22, 2010
     New York, NY

## NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: July 22, 2010                   By: /s/ Steve Taronji
                                          Deputy Clerk