Slip Op. 10-116

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FORD MOTOR COMPANY,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES, U. S. DEPARTMENT OF HOMELAND SECURITY, and U. S. CUSTOMS AND BORDER PROTECTION<br><br>                    Defendants. | **Before: Gregory W. Carman, Judge**<br><br>Court No. 09-00151 |

[*Plaintiff's motion for reconsideration denied.*]

Ford Motor Company, Office of General Counsel (Paulsen K. Vandevert); Baker & Hostetler LLP (Matthew W. Caligur), of counsel, for Plaintiff.

Tony West, Assistant Attorney General, Barbara S. Williams, Attorney-in-Charge, Commercial Litigation Branch, Civil Division, United States Department of Justice (David S. Silverbrand, Justin R. Miller); and Yelena Slepak, of counsel, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection, Department of Homeland Security, for Defendants.

October 15, 2010

## OPINION & ORDER

**CARMAN, JUDGE:** Plaintiff Ford Motor Company has moved under USCIT Rule 59 for reconsideration (ECF No. 41) of the Court's Final Order of July 22, 2010, and accompanying opinion, Ford Motor Co. v. United States, Court No. 09-00151, 34 CIT __, 2010 WL 2941505 (Jul. 22, 2010).  The granting of a motion for reconsideration is within

the sound discretion of the Court, and is typically granted only in the case of "an

intervening change in the controlling law, the availability of new evidence, the need to

correct a clear factual or legal error, or the need to prevent manifest injustice."  Almond

Bros. Lumber Co. v. United States, Court No. 08-00036, 34 CIT ___, 2010 WL 1409656 at

*4 (Apr. 8, 2010) (internal citation omitted); see also Yuba Natural Res., Inc. v. United

States, 904 F.2d 1577, 1583 (Fed. Cir. 1990).  A motion for reconsideration is thus a

mechanism to correct a significant flaw in the original judgment, but is not a mechanism

to "allow a losing party the chance to repeat arguments or to relitigate issues previously

before the court."  Peerless Clothing Intern., Inc. v. United States, 33 CIT ___, 637 F.

Supp. 2d 1253, 1256 (2009) (citations omitted).

      None of the arguments raised by Plaintiff in its motion for reconsideration would

justify granting the motion.  First, Plaintiff erroneously asserts that this Court should

have taken jurisdiction over liquidated entries pursuant to 28 U.S.C. § 1581(i).  (Mot. at

1-2, 7-11.)  With respect to entries B, C, and D, which were liquidated after the filing of

the complaint, but before the Court's opinion was issued, the Court finds Plaintiff's

argument disingenuous.  As the Court's explained in its opinion, Ford has already

protested these entries and brought suit in this court challenging Customs' treatment of

these entries pursuant to 28 U.S.C. § 1581(a).  Ford Motor Co., 2010 WL 2941505 at *4.

Ford's insistence that the Court was obligated to take jurisdiction over entries B, C, and

D pursuant to § 1581(i) is specious.  Similarly, with entries E and F, Plaintiff makes no

argument as to why the relief available under 28 U.S.C. § 1581(a) would be manifestly

inadequate for reviewing its claims of illegal treatment of these entries.  Entries E and F

were liquidated during the pendency of the litigation, and for reasons set forth in the

opinion, the Court decided not to prohibit that liquidation with a temporary restraining

order or preliminary injunction.  Id. at 6-7.  Once liquidated, then, the appropriate route

to judicial review of these entries was also for Ford to file a protest, comply with all

jurisdictional prerequisites, and commence a suit under 28 U.S.C. § 1581(a).

The remaining arguments raised by Plaintiff variously misapprehend the Court's

opinion, assert the existence of clear legal error where there is none, or attempt to re-

litigate claims and issues that were decided by the Court in its opinion.  Plaintiff

complains that the Court found "the reconciliation entries [to have] been validly

extended."  (Pl.'s Mot. for Recons. ("Mot.") at 2-3, 11-14.)  This is not true.  To the

contrary, the Court only noted that Plaintiff admitted its entries had been extended

(which the Court took as an abandonment of claim 1), while still noting Plaintiff's

position that these extensions were not valid (for the reasons set forth in claims 2-4).

Ford Motor Co., 2010 WL 2941505 at *7.  Plaintiff also objects to the Court's exercise of

discretion not to issue a declaratory judgment, and disputes the application of the four

factor test in determining whether or not to grant injunctive relief, claiming instead that

*Court No. 09-00151*                                                                       **Page 4**

the Court "should have only considered whether injunctive relief was necessary to stop

Customs' wrongful actions."   (Mot. at 3-4, 14-21.)  However, Plaintiff does not establish

why the Court's determination not to grant declaratory relief amounts to an abuse of

discretion, or why the four factor test for determining the propriety of injunctive relief,

advanced by Plaintiff during the course of litigation, should now be retroactively

exchanged for a singular equitable consideration.  (Id. at 4.)  Finally, Plaintiff reiterates

its substantive claims: that Customs' liquidations and reliquidations were untimely, and

therefore invalid, and that Customs unreasonably delayed in seeking information about

the Subject Entries, nullifying its purported extensions.  (Id. at 5, 21-26.)  This ungainly

attempt to re-litigate will not meet with success here.

        For the foregoing reasons, then, it is hereby

        **ORDERED** that Plaintiff's motion for reconsideration be, and hereby is, denied.


                                                          ___/s/ Gregory W. Carman_____
                                                          Gregory W. Carman, Judge

Dated:        October 15, 2010
              New York, NY