Slip Op. 14- 65

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                :
FORD MOTOR COMPANY,             :
                                :
          Plaintiff,            :
                                :       Before:  Mark A. Barnett, Judge
              v.                :       Court No. 09-00151
                                :
UNITED STATES,                  :
                                :
          Defendant.            :
_____:
```

OPINION & ORDER

[The court grants Defendant's motion to dismiss.]

Dated: <u>    June 17    </u>, 2014

*Matthew W. Caligur* and *C. Thomas Kruse*, Baker & Hostetler, LLP, of Houston, TX, for Plaintiff.  Of counsel on the briefs was *Paulsen K. Vandevert*, Ford Motor Company, of Dearborn, MI.

*Barbara S. Williams*, Attorney-in-Charge, and *Justin R. Miller*, Trial Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of New York, NY, and *Tara K. Hogan*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant.  With them on the briefs were *Stuart F. Delery*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Patricia M. McCarthy*, Assistant Director.  Of counsel on the brief was *Yelena Slepak*, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection of New York, NY.

      Barnett, Judge:  Defendant, United States, moves, pursuant to USCIT

Rule 12(b)(1) and the Declaratory Judgment Act, 28 U.S.C. § 2201, to dismiss

Plaintiff's, Ford Motor Company, Second Amended Complaint or, in the alternative, for

judgment on the agency record pursuant to USCIT Rule 56.1.  (Mem. in Supp. Def.'s

Mot. Dismiss, & in the Alternative, Def.'s Mot. J. A.R.  ("Def.'s Mot.") 1.)  Plaintiff

opposes Defendant's motion and moves the court to grant judgment on the agency

record in its favor.  (Ford's Am. Resp. in Opp'n Def.'s Mot. J. A.R. & Mot. Dismiss ("Pl.'s

Resp.") 5-10.)  For the reasons provided below, the court grants Defendant's motion to

dismiss.

BACKGROUND AND PROCEDURAL HISTORY

### A.  General Background

In 2004 and 2005, Plaintiff imported motor vehicles from the United

Kingdom into the United States.  (2d Am. Compl. ¶ 18.)  It deposited estimated duties

for each entry using the information available to it at that time, flagged each entry for

reconciliation,[1] and filed reconciliation entries, in which Plaintiff claimed that it had

overpaid duties owed.  (2d Am. Compl. ¶¶ 19-20, Ex. A.)  Plaintiff brings this action for a

declaratory judgment that nine of its reconciliation entries (the "subject entries") were

---

[1] Reconciliation is "an electronic process, initiated at the request of an importer, under which the elements of an entry (other than those elements related to the admissibility of the merchandise) that are undetermined at the time the importer files or transmits the documentation or information required by section 1484(a)(1)(B) of [Title 19], or the import activity summary statement, are provided to the Customs Service at a later time."  19 U.S.C. § 1401(s).  "A reconciliation is treated as an entry for purposes of liquidation, reliquidation, recordkeeping, and protest."  *Id.*

The entries at issue are 300-9945919-7 (B), 300-9945928-8 (C), 300-9945935-3 (D), 300-4830222-5 (E), 300-4830252-2 (F), 300-4830281-1 (G), 300-4830280-3 (H), 300-4830290-2 (I), and 300-4830301-7 (J).  (2d Am. Compl. ¶ 20, Ex. A; Pl.'s Resp. 1 n.1.)  For ease of reference, the court assigned a letter to each entry, as shown above, and has used the same letter designation throughout the case.  The court previously dismissed a tenth entry, 300-4830272-0 (A), because Plaintiff obtained all relief sought for that entry. *Ford Motor Co. v. United States*, 34 CIT __, __, 716 F. Supp. 2d 1302, 1309-10 (2010) ("*Ford I*").

deemed liquidated by operation of law, entitling Plaintiff to duty refunds.  (2d Am.

Compl. 1-2.)

           Pursuant to 19 U.S.C. § 1504(a), a reconciliation entry not liquidated

within one year of its date of filing "shall be deemed liquidated at the rate of duty, value,

quantity, and amount of duties asserted by the importer of record," absent an extension

under subsection (b) of the statute or suspension as required by statute or court order.

19 U.S.C. § 1504(a)(1).  U.S. Customs and Border Protection ("Customs") may extend

the period to liquidate an entry three times, for a length of one year each time, if one of

the following conditions is met:

> **(1)** the information needed for the proper appraisement or classification of
> the imported or withdrawn merchandise, or for determining the correct
> drawback amount, or for ensuring compliance with applicable law, is not
> available to the Customs Service; or
>
> **(2)** the importer of record or drawback claimant, as the case may be,
> requests such extension and shows good cause therefor.
>
> The Secretary shall give notice of an extension under this subsection to
> the importer of record or drawback claimant, as the case may be, and the
> surety of such importer of record or drawback claimant. Notice shall be in
> such form and manner (which may include electronic transmittal) as the
> Secretary shall by regulation prescribe. Any entry the liquidation of which
> is extended under this subsection shall be treated as having been
> liquidated at the rate of duty, value, quantity, and amount of duty asserted
> by the importer of record, or the drawback amount asserted by the
> drawback claimant, at the expiration of 4 years from the applicable date
> specified in subsection (a) of this section.

19 U.S.C. § 1504(b); *accord* 19 C.F.R. § 159.12(a)(1), (d), (e).[2]  If Customs extends the

period for liquidation, it "shall give notice of an extension" to the importer of record and

---

[2] The regulation, in relevant part, states:
(a) Reasons – (1) Extension.   The port director may extend the 1-year
statutory period for liquidation for an additional period not to exceed 1 year

its surety in a manner prescribed by regulation.  19 U.S.C. § 1504(b); *see* 19 C.F.R.

§ 159.12(b) ("If the port director extends the time for liquidation, . . . he promptly will

notify the importer or the consignee and his agent and surety on CBP Form 4333-A,

appropriately modified, that the time has been extended and the reasons for doing so.").

Customs must treat a reconciliation entry extended under this provision that has not

been liquidated as of four years after its filing date "as having been liquidated at the rate

of duty, value, quantity, and amount of duty asserted by the importer of record."  19

U.S.C. § 1504(b); *accord* 19 C.F.R. § 159.12(f).[3]

         The following chart lists each subject entry, its filing date, the date upon

which deemed liquidation would have occurred if Customs had extended the liquidation

period a maximum of three times under 19 U.S.C. § 1504(b), and the date on which

Customs liquidated and, if applicable, reliquidated the entries:

---

if: (i) Information needed by CBP. Information needed by CBP for the proper appraisement or classification of the merchandise is not available . . . .

(d) Additional extensions – (1) Information needed by CBP. If an extension has been granted because CBP needs more information and the port director thereafter determines that more time is needed, he may extend the time for liquidation for an additional period not to exceed 1 year provided he issues the notice required by paragraph (b) of this section before termination of the prior extension period. . . .

(e) Limitation on extensions. The total time for which extensions may be granted by the port director may not exceed 3 years.

19 C.F.R. § 159.12(a), (d), (e).

[3] Subsection (f) states, in relevant part:

f) Time limitation-- (1) Generally. An entry not liquidated within 4 years from . . . the date of entry . . . will be deemed liquidated by operation of law at the rate of duty, value, quantity, and amount of duty asserted by the importer at the time of filing the entry summary for consumption in proper form, with estimated duties attached.

19 C.F.R. § 159.12(f).

| Entry | Filing Date | Deemed Liquidation Date Under § 1504(b) | Liquidation Date | Reliquidation Date |
|-------|-------------|------------------------------------------|------------------|--------------------|
| B | 6/29/2005 | 6/29/2009 | 6/19/2009 | 8/7/2009 |
| C | 7/28/2005 | 7/28/2009 | 7/17/2009 | 7/31/2009 |
| D | 8/26/2005 | 8/26/2009 | 8/14/2009 | 9/18/2009 |
| E | 5/15/2006 | 5/15/2010 | 5/7/2010 | |
| F | 6/15/2006 | 6/15/2010 | 6/4/2010 | 7/23/2010 |
| G | 8/14/2006 | 8/14/2010 | 7/30/2010 | |
| H | 8/14/2006 | 8/14/2010 | 7/30/2010 | |
| I | 9/21/2006 | 9/21/2010 | 7/30/2010 | |
| J | 10/4/2006 | 10/4/2010 | 7/30/2010 | |

(*See* 2d Am. Compl. ¶¶ 29-34, Ex. A; Def.'s Mot. 4 n.4, Ex. A; Def.'s First Mot. Dismiss Ex. B, ECF No. 27; Pl.'s TRO/Prelim. Inj. Mot. 2, ECF No. 36; Def.'s Opp'n Pl.'s TRO/Prelim. Inj. Mot. 5, ECF No. 37).

### B.  The Present Suit and Plaintiff's Second Amended Complaint

Plaintiff filed suit on April 15, 2009, invoking this court's subject matter jurisdiction pursuant to 28 U.S.C § 1581(i).  (*See* Summons, ECF No. 1; 2d Am. Compl. ¶ 6.)  Plaintiff filed its Second Amended Complaint on August 18, 2009.  (*See generally* 2d Am. Compl.)  As of the date that Plaintiff commenced this action, Customs had not liquidated any of the subject entries.  (2d Am. Compl. ¶ 67.)  During the pendency of the case, however, Customs liquidated, and in some cases reliquidated, the subject entries. Presently before the court are six claims, which broadly challenge Customs' liquidations of the subject entries and ask the court to declare, *inter alia*, the subject entries deemed liquidated one year after filing according to the terms set forth in their reconciliation documents.

          In the first cause of action, Plaintiff asks the court to declare the subject

entries deemed liquidated one year after filing because, according to Plaintiff, Customs

did not extend their liquidation.[4]  (2d Am. Compl. ¶¶ 67-69.)  In this count, as well as

counts two through five, *see infra*, Plaintiff also requests that the court declare the

"Internal Advice" issued with respect to Entry C moot or "null, void, and without any legal

effect or precedential value or authority."  (2d Am. Compl. ¶¶ 70, 75, 80, 87, 94.)

          In its second cause of action, Plaintiff, assuming that Customs extended

the subject entries' liquidation, asserts that Customs did not issue extension notices, as

required by 19 U.S.C. § 1504(b) and (c).  Plaintiff asks the court to declare that

Customs' failure to issue notices nullified the extensions and rendered the subject

entries deemed liquidated one year after filing.  (2d Am. Compl. ¶¶ 72-74.)

          Plaintiff's third cause of action argues that, assuming Customs issued

extension notices, the notices did not contain reasons for extension, as mandated by 19

U.S.C. § 1504(b) and (c).  According to Plaintiff, this error nullified the extensions and

rendered the subject entries deemed liquidated one year after filing.  (2d Am. Compl.

¶¶ 77-79.)

          In its fourth cause of action, Plaintiff notes that Customs ostensibly

extended the liquidation of the subject entries because it needed additional information

from Plaintiff to properly appraise the entries or to ensure compliance with the law.

However, Plaintiff asserts that because Customs did not ask it for additional information

---

          [4] Although Plaintiff raises the issue of suspension in addition to extension in its
Second Amended Complaint, Plaintiff's briefs make clear that suspension of the subject
entries is ultimately not at issue.  (*See generally* Pl.'s Resp.; Pl.'s Reply.)

until June 25, 2009, the court must presume that Customs had the information it needed

to properly appraise and liquidate the entries.  Therefore, Customs had no valid reason

to extend the subject entries' liquidation, and the court should declare that they were

deemed liquidated one year after filing.  (2d Am. Compl. ¶¶ 82-86.)

Plaintiff's fifth cause of action alleges that Customs' respective August 7

and July 31, 2009 reliquidations of Entries B and C were invalid because the entries

were deemed liquidated prior to those dates.  Moreover, Plaintiff reasons that even if

Customs properly extended the entries' liquidation for the four-year maximum permitted

by statute, *see* 19 U.S.C. § 1504(b), Customs could not lawfully reliquidate the entries

more than four years after their filing date.  (2d Am. Compl. ¶¶ 89-93.)

Plaintiff's sixth cause of action concerns only Entry D.  Plaintiff filed the

entry on August 26, 2005, and Customs issued to Plaintiff a Request for Information for

the entry on July 13, 2009, stating that it was "considering other basis [sic] of valuation,"

and therefore requested that Plaintiff submit additional documents.  (2d Am. Compl.

¶¶ 96-97 (brackets in original) (quotation marks omitted).)  Plaintiff responded four days

later "with legal arguments and objections as to the propriety" of the request.  (2d Am.

Compl. 17 n.4.)  On July 31, 2009, Customs issued a Notice of Action Taken for Entry

D, which stated, "Since we did not receive the requested documents in order to properly

appraise the value of your merchandise; [sic] we have no recourse but to deny your

claim."  (2d Am. Compl. ¶ 99 (brackets in original) (quotation marks omitted), Ex. C.)

Customs liquidated the entry on August 14, 2009.  (2d Am. Compl. ¶¶ 91, 98.)  Plaintiff

understands the Notice of Action Taken to indicate that Customs liquidated the entry

without the duty refunds that Plaintiff asserted in its reconciliation filing.  (2d Am. Compl.

¶ 99.)  Plaintiff claims that because Customs admits in the Notice of Action Taken that

the agency did not fix the final appraisement for Entry D or fix the final amount of duty,

as required by 19 U.S.C. § 1500(a) and (c), the court should declare the liquidation "null

and void, and without any legal effect or precedential authority."  (2d Am. Compl. ¶ 101.)

In addition, Plaintiff avers that the court should declare Entry D deemed liquidated as

asserted in the reconciliation filings and order Customs to refund the duties overpaid,

plus interest, because Customs did not issue a Notice of Liquidation, as required by 19

U.S.C. § 1500(e), before this suit commenced.  (2d Am. Compl. ¶¶ 100-03.)[5]

## C.  The Proceedings to Date

        In November 2009, Defendant moved to dismiss Plaintiff's Second

Amended Complaint.  (ECF No. 27.)  Plaintiff opposed the motion and cross-moved for

summary judgment.  (ECF No. 31.)  Defendant argued that the court lacked subject

matter jurisdiction over Entries B, C, and D because they were time-barred by the two-

year statute of limitations for 28 U.S.C. § 1581(i) claims and because Plaintiff's then-

pending protests against the entries' liquidation and reliquidation would provide the

court with jurisdiction over the entries under § 1581(a) if denied.  Defendant also

averred that Customs had properly extended the liquidations for Entries E-J and that the

entries therefore were not deemed liquidated, making Plaintiff's claims arising from

---

[5] Plaintiff's seventh claim, in which it asked the Court to enjoin Customs from taking further action with respect to the subject entries until the disposition of the case, (2d Am. Compl. ¶¶ 105-09), was previously denied as moot, *Ford I*, 34 CIT at __ n.5, 716 F. Supp. 2d at 1309 n.5.

these entries not ripe for review.  Moreover, Defendant contended that if Plaintiff

believed Entries E-J to be deemed liquidated, it should have filed protests and

commenced an action pursuant to § 1581(a).

In a July 22, 2010 ruling, the court granted in part and denied in part

Defendant's motion and denied Plaintiff's motion.  *Ford Motor Co. v. United States*, 34

CIT __, 716 F. Supp. 2d 1302 (2010) ("*Ford I*").  The court dismissed all claims related

to Entry A, finding that there was no case or controversy because Customs had already

provided a refund of duties to Plaintiff.  The court also dismissed all claims arising from

Entries B, C, D, E and F, reasoning that Customs' liquidations since the filing of the suit

meant that relief was available to Plaintiff pursuant to 28 U.S.C. § 1581(a).  Because

relief was available under another subsection of § 1581 and was not manifestly

inadequate, the court found that jurisdiction was not available pursuant to 28 U.S.C.

§ 1581(i).  *Ford I*, 34 CIT at __, 716 F. Supp. 2d at 1310.  The court dismissed the

remainder of Plaintiff's first claim, concerning Entries C through J, due to a lack of a

case or controversy, finding that Plaintiff had acknowledged that the remaining Entries

had been extended by Customs.  *Id.* at __, 716 F. Supp. 2d at 1310-11.

The court did find that it had jurisdiction over claims 2, 3, and 4 as they

related to Entries G, H, I, and J to issue a declaratory judgment confirming whether

these entries had been deemed liquidated.  The court, however, found that Plaintiff's

claims had been undermined during the litigation and Plaintiff would be able to obtain

relief in a subsequent § 1581(a) case (following liquidation and protest); therefore, the

court exercised its discretion not to issue declaratory relief pursuant to these claims.  *Id.*

at __, 716 F. Supp. 2d at 1311-14.  Finally, the court determined that Plaintiff's seventh

claim, a request for injunction, was moot.  *Id.* at __ n.5, 716 F. Supp. 2d at 1309 n.5.

The court did not address Defendant's statute of limitations argument.  Plaintiff moved

for reconsideration (ECF No. 41), which the court denied, *Ford Motor Co. v. United*

*States*, 34 CIT __, 751 F. Supp. 2d 1316 (2010) ("*Ford II*").

On appeal, the Federal Circuit reversed in part, vacated in part, and

remanded *Ford I* to this court.  In relevant part, the Federal Circuit ruled that this court

has subject matter jurisdiction to entertain Plaintiff's claims pursuant to 28 U.S.C.

§ 1581(i) because Customs' post-filing liquidations of Plaintiff's entries did not defeat

subject matter jurisdiction under § 1581(i).  *Ford Motor Co. v. United States*, 688 F.3d

1319, 1326-28 (Fed. Cir. 2012).  It also found Plaintiff's claims ripe for review.  *Id.* at

1328.  The court also held that Plaintiff had not conceded that Customs had extended

Entries C through J and, therefore, reversed the partial dismissal of Plaintiff's first claim.

*Id.* at 1329-30.  The Federal Circuit vacated the discretionary dismissal of the

declaratory judgment claims because it found the decision to dismiss them had

"extended in significant part from [*Ford I*'s] flawed jurisdictional analysis."  *Id.* at 1330.  It

concluded that this court "retains authority, but no obligation, to revisit this question on

remand."  *Id.*  The Federal Circuit did not directly address Defendant's statute of

limitations argument.

### D.  The Present Motions

On remand, Defendant again moves the court to dismiss the action or, in the alternative, grant it judgment on the agency record.  (*See generally* Def.'s Mot.) Defendant asserts that the court lacks subject matter jurisdiction over Plaintiff's Claims 1-4 and 6 for Entries B, C, and D because they are time-barred.  (Def.'s Mot. 12-14.)  It also asks the court to dismiss the remainder of the case on prudential grounds, arguing that actions under 28 U.S.C. § 1581(a) are "better suited" to resolve Plaintiff's claims than a declaratory judgment action under § 1581(i).  (Def.'s Mot. 14-18.)  Plaintiff opposes Defendant's motion and moves for judgment on the agency record in its favor. (*See generally* Pl.'s Resp.)

### SUBJECT MATTER JURISDICTION

### A.  Defendant's Contentions

Defendant contends that the court has no subject matter jurisdiction over Claims 1-4 and 6 with respect to Entries B, C, and D because they are time barred by the two-year statute of limitations for claims under 28 U.S.C. § 1581(i).[6]  (Def.'s Mot. 12

---

[6] Although statutes of limitations are not necessarily restrictions on subject matter jurisdiction, the court previously has concluded that 28 U.S.C. § 2636(i) "constitutes a limitation on the government's waiver of sovereign immunity and that the statute of limitations is therefore jurisdictional."  *NSK Corp. v. United States*, 36 CIT __, __, 821 F. Supp. 2d 1349, 1354 (2012) (citing *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130 (2008); *SKF USA, Inc. v. U.S. Customs & Border Prot.*, 556 F.3d 1337, 1348 (Fed. Cir. 2009); *Pat Huval Rest. & Oyster Bar, Inc. v. U.S. Int'l Trade Comm'n*, 36 CIT __, __, 823 F. Supp. 2d 1365, 1374-75 (2012)).  Even if the statute of limitations were not considered jurisdictional, dismissal of these claims would be appropriate pursuant to USCIT Rule 12(b)(5) for failure to state a claim upon which relief may be granted.

(citing 28 U.S.C. § 2636(i)).)  In Claims 1-4 and 6,[7] Plaintiff alleges that Entries B, C,

and D became deemed liquidated one year after filing, pursuant to 19 U.S.C. § 1504(a).

Because Plaintiff filed Entries B, C, and D on June 29, July 28, and August 26, 2005,

respectively, they would have been deemed liquidated on June 29, July 28, and August

26, 2006, respectively.  According to Defendant, these dates mark when the claims at

issue accrued, and, applying the two-year statute of limitations, Plaintiff had until June

29, July 28, and August 26, 2008 to bring these claims.  (Def.'s Mot. 12-13.)  Because

Plaintiff filed suit on April 15, 2009, Defendant maintains that the claims are time-barred.

## B. Plaintiff's Contentions

Plaintiff responds that the court has subject matter jurisdiction over the

claims because "[t]he [statute of] limitations issue was necessarily decided by

implication when the Federal Circuit held that it and this Court had subject matter

jurisdiction over all of [Plaintiff]'s Entries at issue in this case."  (Pl.'s Resp. 10 (citations

omitted).)  According to Plaintiff, Defendant cannot now challenge the court's subject

matter jurisdiction because the Federal Circuit's implicit affirmative finding is law of the

case.  (Pl.'s Resp. 10.)  Even if the court takes up Defendant's argument, Plaintiff

contends that the claims did not accrue when the entries became deemed liquidated;

they accrued when Plaintiff reasonably should have known about their existence.

---

[7] Defendant asserts that Plaintiff's sixth claim is ambiguous and that it cannot discern whether Plaintiff alleges that Entry D became deemed liquidated one or four years after entry.  For the purposes of argument, Defendant presumes that Plaintiff alleges that the entry was deemed liquidated one year after filing.  (Def.'s Mot. 12 n.5 (citing 2d Am. Compl. ¶ 103).)  After a close reading, the court interprets the sixth claim as alleging that Entry D was deemed liquidated one year after entry.

Plaintiff thus argues that the claims accrued in February 2009, when it learned that Customs did not intend to treat Entries B, C, and D as deemed liquidated.  Plaintiff contends its April 2009 filing therefore was timely.  (Pl.'s Resp. 11-12.)

### C. Discussion

When subject matter jurisdiction is challenged, the plaintiff bears the burden of demonstrating that jurisdiction exists.  *E & S Express Inc. v. United States*, 37 CIT __, __, 938 F. Supp. 2d 1316, 1320 (2013) (citing *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)).  When reviewing a motion to dismiss for lack of subject matter jurisdiction, the court sculpts its approach according to whether the motion "challenges the sufficiency of the pleadings or controverts the factual allegations made in the pleadings."  *H & H Wholesale Servs., Inc. v. United States*, 30 CIT 689, 691, 437 F. Supp. 2d 1335, 1339 (2006).  If the motion challenges the sufficiency of the pleadings, as does Defendant's motion, the court assumes that the allegations within the complaint are true.  *Id.*

Contrary to Plaintiff's contention, the court may address Defendant's subject matter jurisdictional challenge.  It is well established that Federal Courts are not courts of general jurisdiction, and '"[a] party, or the court sua sponte, may address a challenge to subject matter jurisdiction at any time.'"  *Fanning, Phillips, & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998) (quoting *Booth v. United States*, 990 F.2d 617, 620 (Fed. Cir. 1993)); *accord Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1346 (Fed. Cir. 2008) (citing *Arbaugh v. Y & H. Corp.*, 546 U.S. 500, 506 (2006)) (citations omitted).  In fact, a court has "an independent obligation to determine

whether subject-matter jurisdiction exists, even in the absence of a challenge from any

party." *Arbaugh*, 546 U.S. at 514 (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574,

583 (1999); *accord Suntec Indus. Co. v. United States*, 37 CIT __, __, 951 F. Supp. 2d

1341, 1345 (2013) (citation omitted); *see Litecubes, LLC v. N. Light Prods., Inc.*, 523

F.3d 1353, 1359-60 (Fed. Cir. 2008).  Notwithstanding this obligation, Plaintiff argues

that the law of the case prevents this court from considering Defendant's argument that

subject matter jurisdiction is lacking as a result of the two-year statute of limitations

having passed.

The law of the case doctrine "generally bars retrial of issues that were

previously resolved."  *Intergraph Corp. v. Intel Corp.*, 253 F.3d 695, 697 (Fed. Cir. 2001)

(citing *DeLong Equip. Co. v. Wash. Mills Electro Minerals Corp.*, 990 F.2d 1186, 1196

(11th Cir. 1993) ("[T]he general rule is that 'an appellate court's decision of issues must

be followed in all subsequent trial or intermediate appellate proceedings in the same

case' except when there are 'the most cogent of reasons . . . .'"); *United States v. White*,

846 F.2d 678, 684 (11th Cir. 1988) (holding that doctrine of law of the case

encompasses not only matters decided explicitly in earlier proceedings, but also matters

decided by necessary implication)) (citations omitted).  The doctrine's purpose is to

"promote[] the finality and efficiency of the judicial process by protecting against the

agitation of settled issues."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800,

816 (1988) (citation and quotation marks omitted).  However, "[i]t is well-accepted" that

the application of the doctrine is within a court's discretion; that the doctrine "is a rule of

practice and not a limit on a court's power"; and that it "'should not be applied woodenly

in a way inconsistent with substantial justice.'" *Hudson v. Principi*, 260 F.3d 1357,

1363-64 (Fed. Cir. 2001) (citations omitted).

Plaintiff's reliance on the law of the case doctrine is premised on the

theory that the Federal Circuit implicitly rejected Defendant's statute of limitations

argument.  Plaintiff suggests that rejection occurred when the Federal Circuit reversed

this court's earlier opinion and held that the Court of International Trade retained

jurisdiction to consider Plaintiff's claims pursuant to § 1581(i).  While the Federal Circuit

closely considered whether this court could properly entertain Plaintiff's § 1581(i) claims

despite the subsequent liquidations of those very same entries, nothing suggests that

the court gave any consideration to Defendant's statute of limitations claim.

Consequently, in light of the important obligation to determine the existence of subject

matter jurisdiction and the discretion available even if the law of the case doctrine

applied, this court must consider the Defendant's statute of limitations argument.

A party must bring a claim pursuant to 28 U.S.C. § 1581(i) within two

years after the cause of action accrues.  28 U.S.C. § 2636(i); *accord C.B. Imps.*

*Transam. Corp. v. United States*, 35 CIT __, __, 807 F. Supp. 2d 1350, 1353 (2011).  In

most circumstances, the statute of limitations begins to run "from the date the plaintiff's

cause of action 'accrues,'" and stops when the plaintiff files its complaint in a court of

proper jurisdiction.  *Hair v. United States*, 350 F.3d 1253, 1260 (Fed. Cir. 2003) (citation

omitted).  A cause of action accrues "when all events necessary to state the claim, or fix

the alleged liability of the Government, have occurred.  In other words, a claim accrues

when 'the aggrieved party reasonably should have known about the existence of the

Case 1:09-cv-00151-MAB   Document 84   Filed 06/17/14   Page 16 of 24

claim.'" *Mitsubishi Elecs. Am., Inc. v. United States*, 44 F.3d 973, 977-78 (Fed. Cir.

1994) (quoting *St. Paul Fire & Marine Ins. Co. v. United States*, 959 F.2d 960, 964 (Fed.

Cir. 1992)) (internal citation and quotation marks omitted); *accord Hopland Band of*

*Pomo Indians v. United States*, 855 F.2d 1573, 1577 (Fed. Cir. 1988); *see Hair*, 350

F.3d at 1260.  Although the court has recognized that "[e]xactly when [a] claim accrues

under section 1581(i) is not entirely clear," *Omni U.S.A., Inc. v. United States*, 11 CIT

480, 483 n.7, 663 F. Supp. 1130, 1133 n.7 (1987) (noting that accrual "may be affected

by how the claim is characterized or how pursuit of administrative remedies is viewed"),

*aff'd*, 840 F.2d 912 (Fed. Cir. 1988), as a general rule, a § 1581(i) cause of action

"begins to accrue when a claimant has, or should have had, notice of the final agency

act or decision being challenged," *Optimus, Inc. v. United States*, Slip Op. 11-153, 2011

WL 6117937, at *1 (CIT Dec. 9, 2011) (citation omitted).

        The court finds that Plaintiff's first, second, third, fourth, and sixth causes

of action with respect to Entries B, C, and D are time-barred.  The crux of these claims

is that the subject entries were deemed liquidated one year after filing.  (*See* 2d Am.

Compl. ¶¶ 69, 74, 79, 86, 103.)  Because Plaintiff filed Entries B, C, and D on June 29,

July 28, and August 26, 2005, respectively, (2d Am. Compl. Ex. A), they would have

been deemed liquidated on June 29, July 28, and August 26, 2006, *see* 19 U.S.C.

§ 1504(a), absent extension or suspension.  If the entries had been deemed liquidated,

Customs would have had a regulatory duty to provide notice to Plaintiff.  *See Norsk*

*Hydro Can., Inc. v. United States*, 472 F.3d 1347, 1351 (Fed. Cir. 2006); 19 C.F.R.

§§ 159.9(b), 159.11.  Such notice would have commenced the period for Plaintiff to

protest the liquidation, *see* 19 U.S.C. § 1514(a), (c)(3), and if Customs denied the

protest, the denial would have triggered the 180-day statute of limitations for Plaintiff to

challenge the denial of the protest in court, 28 U.S.C. § 2636(a); *Norsk Hydro Can., Inc.*,

472 F.3d at 1351 (citing 19 U.S.C. § 1514(c)(3)(A); 19 C.F.R. §§ 159.9(c),

174.12(e)(1)); *Optimus, Inc.*, 2011 WL 6117937, at *1.

      In the present case, Customs maintains that it extended the entries'

liquidation pursuant to 19 U.S.C. § 1504(b) and, therefore, the entries were not deemed

liquidated.  Consequently, Customs never issued deemed liquidation notices for the

entries.  However, if Plaintiff had expected Entries B, C, and D to have been deemed

liquidated one year after entry, it should have expected a bulletin notice of the deemed

liquidations '"within a reasonable period after each liquidation."'[8]  *Norsk Hydro Can.,

Inc.*, 472 F.3d at 1352 (quoting 19 C.F.R. § 159.9(c)(2)(ii)); *see also* 19 C.F.R.

§ 159.9(d) (stating that Customs typically attempts to provide importers or their agents

with additional electronic courtesy notices of deemed liquidations).

      When the one-year period went by and, a reasonable time thereafter, the

notices failed to appear, Plaintiff should have been alerted to the possibility that

Customs had not treated Entries B, C, and D as deemed liquidated.[9]  It is at this point

---

[8] Customs' obligation to provide notice of deemed liquidations "within a reasonable period" does not establish a precise date on which Plaintiff should have known that Customs did not believe deemed liquidation to have occurred.  However, the substantial period between the entries' alleged deemed liquidations and the filing of this suit make the imprecision immaterial to the present analysis.

[9] In fact, Plaintiff's in-house counsel declared that beginning in mid-2006, he asked Plaintiff's third-party Customs service provider whether they had received any notice of extension of liquidation.  While he indicated that the Customs service provider

that Plaintiff's claims accrued.  Plaintiff thus had two years from the period it should

have received notice – "a reasonable period" after the alleged deemed liquidations

(June 29, July 28, and August 26, 2006) – to bring these claims.  Even assuming that it

would have been reasonable for Customs to provide notice as long as 180 days after

the deemed liquidations occurred, Plaintiff would have had only until December 2008 for

Entry B, January 2009 for Entry C, and February 2009 for Entry D to bring these claims

– long before Plaintiff filed suit in August 2009.

        Ford contends that the statute of limitations period should not have begun

to run until February 2009, when Ford says that it received its first indication that

Customs did not intend to treat the entries in question as deemed liquidated.  (Pl.'s

Resp. 12.)  In so arguing, Plaintiff ignores that the standard for commencing the statute

of limitations period is when Ford knew, or should have known, that it had a claim.

*Optimus, Inc.*, 2011 WL 6117937, at *1.  Whether the court considers what Ford should

have known from the perspective of the one-year statutory deadline for extending the

entry, *see* 19 U.S.C. § 1504(a), or Ford's actual awareness that a notice of an extension

of liquidation should have been received at that time, (*see* Pl.'s Resp. Attach. 1

(Paulsen K. Vandevert Decl.) ¶¶ 26-30), it is clear that Plaintiff's cause of action

accrued, and, therefore, the statute of limitations period began to run, by early 2007.[10]

---

had a process for logging and tracking such notices and regularly checked the ACE
Portal, Customs' National Liquidation System ("NLS"), and "the FOIA" report, and that
he regularly requested and received monthly updates, Plaintiff nevertheless failed to
take timely action on the basis of those reports.  (*See* Pl.'s Resp. Attach. 1 (Paulsen K.
Vandevert Decl.) ¶¶ 26-30.)

        [10] The court also declines to credit Plaintiff's concern that starting the statute of

        Plaintiff failed to raise its first, second, third, fourth, and sixth causes of

action as they relate to Entries B, C, and D within the two-year statute of limitations

applicable to actions brought pursuant to 19 U.S.C. § 1581(i).  As a consequence,

Plaintiff's claims with respect to Entries B, C, and D are time-barred, and the court lacks

subject matter jurisdiction to consider them.

                              **Prudential Jurisdiction**

**A.  Defendant's Contentions**

        Defendant asks the court to not exercise prudential jurisdiction over

Plaintiff's declaratory judgment claims.  (Def.'s Mot. 14-18.)  Defendant avers that

because Plaintiff's claims ultimately challenge Customs' extensions of liquidation,

Defendant should bring those challenges, pursuant to 28 U.S.C. § 1581(a), after

liquidation of the subject entries.  (Def.'s Mot. 15.)  Defendant further asserts that

bringing the claims under § 1581(a) would provide "distinct advantages" over subsection

(i), such as discovery, liberation from the factual confines of the administrative record,

and a *de novo* standard of review.  (Def.'s Mot. 16-17.)  Finally, Defendant contends

that declining jurisdiction will promote judicial economy and efficiency.  Defendant notes

that, to the contrary, if the court retains jurisdiction and the Defendant prevails in the

_____

limitations period within a reasonable time after the one-year initial deemed liquidation
period would amount to "Requiring an importer to bring the same action under § 1581(i)
up to four times within the statutory liquidation period" and "would lead to a proliferation
of cases brought under § 1581(i), as importers sought to preserve their rights."  (Pl.'s
Surreply 8.)  Plaintiff's argument is based on the false premise that the importer "would
be required to bring suit to confirm a deemed liquidation immediately after the one-year
anniversary of entry."  (Pl.'s Surreply 7.)  With a two-year statute of limitations available,
no such immediacy is required.

current litigation, Plaintiff still could challenge Customs' affirmative liquidation of the

subject entries under § 1581(a).  Specifically, "the issue of deemed liquidation will be

resolved in the context of § 1581(i), and then the merits of [Plaintiff]'s reconciliation

claims will be resolved second in the context of § 1581(a)," which would result in

"piecemeal litigation."  (Def.'s Mot. 18.)  Defendant notes that a case challenging the

liquidations of Entries B, C, and D already is pending before the court, (Def.'s Reply 6

n.2 (citing *Ford Motor Co. v. United States*, No. 10-138 (CIT filed Apr. 21, 2010))), and

that Plaintiff's protests for Entries E though J are pending before Customs, (Def.'s Reply

6 n.2).

### B.  Plaintiff's Contentions

In rejoinder, Plaintiff asserts that if the court declines jurisdiction over the

declaratory judgment claims, Plaintiff will have to wait for Customs to make affirmative

liquidations or take enforcement actions before obtaining resolution of the issues

presently at bar.  Such a delay, Plaintiff contends, would contravene Congress's goal of

eliminating uncertainty for importers when it passed 19 U.S.C. § 1504.  (Pl.'s Resp. 12-

14.)  Consequently, Plaintiff argues that the court should exercise prudential jurisdiction

over its declaratory judgment claims.

### C.  Applicable Law

The sole requirement for a federal court to exercise jurisdiction over a

declaratory judgment claim is the existence of an "actual controversy" within the

meaning of Article III of the United States Constitution.  *Teva Pharms. USA, Inc. v.*

*Novartis Pharms. Corp.*, 482 F.3d 1330, 1338 n.3 (Fed. Cir. 2007).  This standard

requires that to bring a declaratory judgment action, a plaintiff must show "under 'all the

circumstances' an actual or imminent injury caused by the defendant that can be

redressed by judicial relief and that is of 'sufficient immediacy and reality to warrant the

issuance of a declaratory judgment.'"  *Id.* at 1338 (quoting *MedImmune, Inc. v.*

*Genetech, Inc.*, 549 U.S. 118, 127 (2007)).   Nevertheless, when presented with a

declaratory judgment claim which meets these criteria, a court "retains discretion . . . to

decline declaratory judgment jurisdiction" and not address the merits of the claim.  *Id.* at

1338 n.3 (citing *Pub. Serv. Comm'n v. Wycoff Co.*, 344 U.S. 237, 241 (1952);

*Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991)); *accord Ford*

*Motor Co. v. United States*, 35 CIT __, __, 806 F. Supp. 2d 1328, 1333 (2011) (noting

that "courts traditionally have been reluctant to apply [declaratory judgment remedies] to

administrative determinations . . . unless the effects of the administrative action

challenged have been felt in a concrete way by the challenging parties") (citations and

quotation marks omitted).  In the declaratory judgment context, "the normal principle

that federal courts should adjudicate claims within their jurisdiction yields to

considerations of practicality and wise judicial administration."  *Wilton v. Seven Falls*

*Co.*, 515 U.S. 277, 288 (1995); *see Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*,

497 F.3d 1271, 1288 (Fed. Cir. 2007) (holding that trial courts have discretion not to

entertain declaratory judgment actions '"because facts bearing on the usefulness of the

declaratory judgment remedy, and the fitness of the case for resolution, are peculiarly

within their grasp."' (quoting *Wilton*, 515 U.S. at 289)).  Thus, while the court may not

decline jurisdiction "as a matter of whim or personal disinclination," *Pub. Affairs Assocs.,*

*Inc. v. Rickover*, 369 U.S. 111, 112 (1962) (per curiam), it may choose not to hear the claim as long as it "make[s] a reasoned judgment whether the investment of time and resources will be worthwhile," *Serco Servs. Co. v. Kelley Co.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995).

### D. Analysis

The court declines to exercise jurisdiction over Plaintiff's remaining declaratory judgment claims, because adjudicating the claims would not be an efficient and effective use of the court's time and resources. Plaintiff's case involves six causes of action, interwoven with the same nine reconciliation entries. As such, the claims concern largely the same issues of law and fact.

As discussed above, Claims 1-4 and 6, as applied to Entries B, C, and D, which Plaintiff has brought under 28 U.S.C. § 1581(i), are time-barred. However, Plaintiff retains the ability to seek relief for these claims in the § 1581(a) case pending before the court, *Ford Motor Co.*, No. 10-138. In addition to being an adequate vehicle for the court to address the issues that Plaintiff raised within the time-barred claims, litigating the claims pursuant to § 1581(a) would provide a more complete avenue for judicial review of Customs' actions. The § 1581(a) case will allow Plaintiff to challenge not only the question of whether the entries in question were deemed liquidated, but the substance of any actual liquidations or reliquidations that occurred (i.e., the merits of Plaintiff's reconciliation claims), an option not available in this declaratory judgment case.

As previously noted, the Federal Circuit held that this court has subject matter jurisdiction over Plaintiff's non-time-barred declaratory judgment claims pursuant to 28 U.S.C. § 1581(i), and Customs' post-filing actions have not altered this jurisdictional landscape. *Ford Motor Co.*, 688 F.3d at 1327-28. Nevertheless, in deciding whether to exercise declaratory judgment jurisdiction over these claims, the court may look to subsequent procedural events and parallel proceedings to evaluate the appropriateness of the expenditure of judicial time and resources. *See Serco Servs. Co.*, 51 F.3d at 1039-40. In doing so, the court finds that the § 1581(a) case would provide a more appropriate forum for Plaintiff's remaining claims than the present suit. As with the time-barred claims, adjudicating the remaining claims in the § 1581(a) case would permit the court to dispose of challenges to the substantive, as well as procedural, aspects of Customs' treatment of the relevant entries in a single action. Moreover, if Customs denies Plaintiff's pending protests for Entries E through J, Plaintiff could also challenge those denials pursuant to § 1581(a) case, if it so desired. *See* USCIT R. 18(a). Stated simply, entertaining Plaintiff's remaining claims pursuant to § 1581(a) would permit the court to adjudicate all potential disputes stemming from Plaintiff's entries, which arise from a common nexus of law and fact, in a single action, and thereby allow the court to avoid piecemeal litigation and the potential for conflicting outcomes. The court therefore finds that not exercising declaratory judgment jurisdiction over the remaining claims would make best use of the court's time and resources, and declines to exercise declaratory judgment jurisdiction over them.

## CONCLUSION

For the reasons provided above, the court grants Defendant's motion to dismiss.  The court finds that it lacks subject matter jurisdiction over Plaintiff's Claims 1-4 and 6 for Entries B, C, and D, because they are time-barred, and declines to exercise jurisdiction over Plaintiff's remaining declaratory judgment claims.  The cross-motions for judgment on the agency record are moot.  Judgment will be entered accordingly.


_/s/  Mark A. Barnett_____
Mark A. Barnett
Judge

Dated:   _Jun 17, 2014_____
          New York, New York